OPINION
{¶ 1} Defendant-appellant Jerry Hull ("Hull") brings this appeal from the judgment of the Tiffin Municipal Court denying his motion to continue, proceeding with the trial and entering judgment in favor of plaintiff-appellee Charles E. Theis ("Theis").
 {¶ 2} On February 6, 2004, attorney Eric Wrage ("Wrage") was committed to represent a defendant in the United States District Court in a criminal case on May 10, 2004. The case was expected to last no more than two weeks. On March 17, Theis filed a claim against Hull in small claims court. The case was set for trial on April 14, 2004. On March 19, Theis filed a motion for continuance, which was granted and the case was set for April 28, 2004. On April 26, 2004, Wrage made an appearance on behalf of Hull in the Theis case and filed a motion for continuance which was granted. The new trial date was set for May 26, 2004. Wrage also filed a motion for a change of venue to Scioto County and a motion to transfer to the civil docket and entered a jury demand. The motion to transfer to the civil docket was denied and the motion for change of venue was continued until the trial.
 {¶ 3} On May 23, 2004, Wrage filed by facsimile a second motion to continue. The basis for this motion was that the criminal trial that had begun on May 10, 2004, as scheduled, was still in progress and would not be completed by May 26, 2004.[1] The trial court denied the motion citing Tiffin Municipal Court Local Rule 9, which requires all motions to be filed at least one week prior to trial. The trial proceeded as scheduled and Hull was forced to appear pro se. The trial court denied the motion to change the venue after Hull attempted to explain why he thought Scioto county was the appropriate forum. The trial court then heard the testimony and entered judgment for Theis. Hull appeals from the trial court's final judgment and raises the following assignments of error.
The trial court erred when it denied [Hull's] motion tocontinue thus denying [Hull] due process and right to a trialwith legal counsel.
 The trial court erred in denying [Hull's] motion to transferfor improper venue.
 {¶ 4} This court notes that Theis has not filed a brief in this matter. The failure of an appellee to file a brief means that this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action. App.R. 18.
 {¶ 5} In the first assignment of error, Hull claims that the trial court erred by denying the motion to continue. The trial court denied the motion to continue based upon Local Rule 9, which states as follows.
(A) Every request for a continuance shall be by written motionand will only be granted upon showing of good cause. * * * Themotion shall set forth the date from which a continuance isrequested and reasons for the continuance. * * * No request forcontinuance will be considered if made less than seven (7) daysbefore trial except for circumstances which by reasonablediligence could not be determined seven (7) or more days prior totrial. * * *
(B) When a continuance is requested for the reason thatcounsel is scheduled to appear in another case assigned for trialon the same date in the same or another trial court of thisstate, cases set in federal court and common pleas court shallhave priority and shall be tried on the date assigned. * * *Criminal cases assigned for trial have priority over civilcases.
Loc.R. 9.
 {¶ 6} In this case, the criminal trial in federal court was scheduled more than a month before the municipal court civil case was even filed. Thus, by the local rules, as well as the Rules of Superintendence, the criminal trial in federal court is entitled to priority. The Local Rules provide an exception to the seven day filing requirement if by due diligence, the party could not reasonably foresee the conflict. The federal trial was originally scheduled to begin on May 10, 2004, and last no more than two weeks. This would have had the trial concluding no later than May 24, 2004. This original scheduling would not have interfered with the original May 26, 2004, trial date set in this case. However, as the end date approached, it became clear that the criminal trial was going to take more time. Wrage proceeded to file the motion to continue and the judge in the federal court notified the judge in this case that the federal criminal case was taking longer than originally planned. Tr. 4. Thus, as soon as reasonable, Wrage filed the motion to continue. The trial court denied the continuance and proceeded to require Hull to make the legal arguments on the motion for venue and try the case without the assistance of counsel. The record reflects that as a matter of law Wrage had good cause for requesting the continuance and that it was filed when it was reasonably apparent that a conflict existed. The federal criminal court had priority over the civil municipal court. Thus, the trial court abused its discretion in denying the motion to continue.[2] The first assignment of error is sustained.
 {¶ 7} Hull claims in the second assignment of error that the trial court erred in denying the motion for a change of venue. This court notes that the record indicates that the trial court never specifically entered a judgment on that motion or even ruled on it during trial. The motion is presumed to have been denied since it was not specifically granted and the trial took place in Tiffin. By sustaining the first assignment of error and ordering a new trial, this issue is once again before the trial court. The parties are free to enter arguments on the matter of venue at the next hearing. Thus, the issue is not ripe for decision and we need not address it at this time.
 {¶ 8} The judgment of the Tiffin Municipal Court is reversed and the cause is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Cupp and Rogers, J.J., concur.
[1] In fact, the criminal trial in federal court did not end until June 10, 2004.
[2] The trial court stated during the trial that he does not grant a second continuance to the parties and that he was a "little ticked" at the attorney for not appearing at the trial.